CASE 79—PETITION EQUITY—JUNE 6.

# Darnell & Son, &c., v. Lewis.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

PREFERENCE OF CREDITOR.—A mortgage executed by an insolvent
debtor to an antecedent creditor with the design to prefer, operates
as an assignment under the statute, although executed pursuant to a
promise made at the time the debt was created.

WILLSON & THUM FOR APPELLANTS.

Brief withdrawn.

JOHN C. RUSSELL FOR APPELLEE.

A mortgage executed pursuant to a contract made at the time the debt
was created is not a preference. (Brooks, Waterfield & Co. v. Sta-
ton's adm'r, 79 Ky., 174; Zaring v. Cox, 78 Ky., 527; Newby &
Taylor v. Million, 2 Met., 530; Grover v. Smith, 5 Ky. Law Rep.,
250.)

The case of McCutcheon v. Caldwell, 90 Ky., 249, distinguished.

·CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

The Cornell Wind. Engine and Pump Company
made a general assignment for the benefit of cred-
itors. The lower court adjusted all the questions
of attachments, priority of liens, &c., and all the par-
ties are satisfied with the court's adjustment except
its action in sustaining the appellee's mortgage, dated
the 18th of October, 1890, upon the company's prop-
erty, given by the company to secure a loan of four
thousand three hundred dollars made by her to the
company. The appellee loaned to the said company
seven hundred and fifty dollars the 26th of August,
1890; seven hundred and fifty dollars October 4,
1890; seven hundred and fifty dollars October 10,
1890, and two thousand dollars October 18, 1890. On

the latter date the company executed a mortgage to secure the whole sum loaned. The appellant contends, first, that as the mortgage to secure the payment of two thousand three hundred dollars was not executed simultaneously with the creation of said debt, the mortgage, as to said sum, comes within the provisions of the act of 1856, which declares that all mortgages, &c., made in contemplation of insolvency, and with a design to prefer one creditor over another, shall operate as an assignment of all his property for the equal benefit of all his creditors.

The appellee contends that she would not have loaned said sum to the company except upon the faith of a verbal agreement made with it at the time of the first loan, and repeated at every subsequent loan, that a mortgage should be executed to secure the loans as soon as the president of the company, who was then absent, should return home to sign the mortgage bonds, which were to be delivered to the appellee as security for the loans; that on the 18th day of October, the president, having returned, signed and delivered the bonds to secure the payment of the loan of two thousand dollars that day made, and the loan of two thousand three hundred dollars theretofore made. The appellee's contention is, that as the money was loaned upon the faith of the contract to thereafter execute a mortgage to secure its payment, and as it was executed pursuant to the contract and before the rights of third persons had intervened, the mortgage should be considered as relating back to the contract and as a part and parcel of it, and therefore binding.

Now, the language of the act of 1856, in this connection, is significant. It is: "Nothing in this article shall vitiate or affect any mortgage made in good faith to secure any debt or liability created simultaneously with such mortgage," &c. Now the statute speaks of a mortgage executed to secure a debt or liability created simultaneously with the execution of such mortgage. A promise at the time the debt or liability is created to execute a mortgage to secure its payment upon the happening of some particular event in the future, or at some particular time in the future, is not a compliance with the statute, *supra;* for the statute certainly means that the mortgage must be executed—not promised to be executed—to secure the payment of a debt or liability created simultaneously with its execution. The object of the statute was to prevent debtors, in contemplation of insolvency, from preferring one creditor over another by sale, mortgage or assignment of his property, but at the same time to give him a chance to recover from his embarrassment by allowing him to mortgage his property to secure a debt or liability simultaneously created. But the promise to give a mortgage in the future to secure a debt or liability that day created is not equivalent to the execution of a mortgage to secure the debt or liability simultaneously created.

The language of the statute means that the execution of the mortgage and creation of the debt or liability must be simultaneous acts. The promise to execute the mortgage in the future to secure a debt or liability that day made, is not a simultaneous act.

It may never be executed. Besides, to substitute the promise to execute the mortgage for the act of executing, would allow a debtor, in contemplation of insolvency, to make the preferences that it was the object of the statute to prevent.

2. The weight of the evidence is that the mortgage was executed on the 18th day of October instead of the 12th of November.

The case of McCutcheon & Co. v. Caldwell & Son, 90 Ky., 249, takes up the cases of Brooks, Waterfield & Co. v. Staton's adm'r, 79 Ky., 174, and others referred to by appellee, and disposes of them consistently with this opinion.

The judgment is reversed as to the matter of two thousand three hundred dollars, and affirmed in all other particulars.